

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Padilla v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2455

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Padilla v. Miner" (2005). *2005 Decisions.* Paper 690.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/690

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-326                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-2455
_____

DAVID PADILLA,

Appellant

v.

WARDEN MINER

_____

On Appeal From the United States District Court
For the District of New Jersey
(D. NJ Civ. No. 05-cv-943)
District Judge: Honorable Robert B. Kugler
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 4, 2005

Before: RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges

(Filed: August 16, 2005)

_____

OPINION
_____

PER CURIAM

David Padilla appeals from the orders of the United States District Court for the

District of New Jersey dismissing his petition for writ of habeas corpus and denying his motion for reconsideration. Padilla has filed a motion for summary reversal or, in the alternative, requested that the appeal proceed to briefing.

Padilla was convicted in 1997 in the United States District Court for the Eastern District of Pennsylvania of conspiracy to distribute cocaine, possession with intent to distribute cocaine, and carrying a firearm during a drug trafficking crime.[1] He was sentenced to two concurrent life sentences for the conspiracy and possession convictions and to a consecutive sixty-year sentence for the weapons offense. Padilla appealed his convictions, which were affirmed by this Court. Padilla then filed a motion to vacate his sentence under 28 U.S.C. § 2255. The District Court denied this motion, and this Court affirmed. In June 2003, Padilla filed a second motion under § 2255, asserting claims based on newly discovered evidence that the prosecution had used falsified reports and testimony at trial and had suppressed exculpatory evidence. The District Court dismissed this motion without prejudice, because Padilla had not received this Court's authorization under 28 U.S.C. § 2244(b)(3)(A) to file a second or successive § 2255 motion. Padilla then filed an application for such authorization, which was denied by this Court on the basis that, even if the statements Padilla presented could be construed as new evidence, they did not suffice to show by clear and convincing evidence that no reasonable

[1]As the parties are familiar with the facts, we recite them here only as necessary to our discussion.

2

factfinder could have found him guilty.

In February 2005, Padilla, who is currently incarcerated at FCI Fairton in New Jersey, filed this habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. The District Court determined that it lacked jurisdiction to consider Padilla's petition, concluding that Padilla's claims should have been brought under § 2255 because they challenged the legality of his conviction. Padilla filed a motion to vacate that order, which the District Court construed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and denied, holding that Padilla had not demonstrated that the court had overlooked any key evidence or made a fundamental error of law in deciding his case.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Lambert v. Blackwell, 134 F.3d 506, 512 (3d Cir. 1998).

Padilla seeks to raise the same claims in this § 2241 petition that he attempted to raise in a second § 2255 motion in 2003. Padilla argues that § 2255 is an "inadequate or ineffective" means for him to raise these claims and that he is therefore entitled to use § 2241, under In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Padilla offers no arguments for the applicability of the narrow Dorsainvil exception other than the fact that the gatekeeping requirements established by the Anti-Terrorism and Effective Death Penalty

3

Act ("AEDPA") in 28 U.S.C. § 2244(b)(2) are too difficult to meet. We agree with the District Court that Padilla cannot make use of the <u>Dorsainvil</u> exception merely because he cannot meet the AEDPA's stringent requirements. <u>See</u> <u>Cradle v. United States</u>, 290 F.3d 536, 539 (3d Cir. 2002) (citing <u>Dorsainvil</u>, 119 F.3d at 251). We also agree with the District Court's determination that transferring Padilla's petition to this Court pursuant to 28 U.S.C. § 1631 would not be in the interest of justice, because he has once before asked this Court for authorization to raise identical claims. We, likewise, find no error in the District Court's denial of Padilla's motion for reconsideration.

For these reasons, we conclude that Padilla's appeal presents no substantial question, and we will summarily affirm the orders of the District Court.